U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
JUL 2 5 2012
LAWRENCE K. BAERMAN, CLERK
ALBANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T**<br>Criminal Action No.<br>1:12-CR-382 (GLS) |
| v. | |
| ANNIE GEORGE,<br>a/k/a Annie Kolath,<br>a/k/a Sajimol George | Vio: 8 U.S.C. §§ 1324(a)(1)(A)(iii) &<br>(B)(i); 18 U.S.C. § 2 |
| Defendant. | [1 Felony Count]<br>[1 Forfeiture Allegation] |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | Counties of Offense: Saratoga, Albany & Greene |

## COUNT 1
(Harboring an Illegal Alien for Financial Gain)

**THE GRAND JURY CHARGES:**

Beginning in or about October 2005, and continuing through about May 3, 2011, in Saratoga, Albany and Greene Counties, in the State and Northern District of New York and elsewhere, ANNIE GEORGE, a/k/a Annie Kolath, a/k/a Sajimol George, the defendant, knowing and in reckless disregard of the fact that an alien, namely, V.M., whose identity is known to the Grand Jury, had remained in the United States in violation of law, did conceal, harbor and shield from detection, and cause to be concealed, harbored and shielded from detection, such alien in buildings and other places, for the purpose of private financial gain.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) & (B)(i) and Title 18, United States Code, Section 2.

# FORFEITURE ALLEGATION

**THE GRAND JURY FURTHER CHARGES:**

1. The allegation contained in Count 1 of this Indictment is hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(6).

2. Pursuant to Title 18, United States Code, Section 982(a)(6), upon conviction of an offense in violation of Title 18, United States Code, Section 1324, the defendant, **ANNIE GEORGE**, a/k/a Annie Kolath, a/k/a Sajimol George, shall forfeit to the United States of America any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense of which the defendant is convicted, any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the defendant is convicted, and any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the offense of which the defendant is convicted. The property to be forfeited includes, but is not limited to, the following:

    a. Real property commonly known as: 708 Riverview Road, Rexford, New York, that is:

ALL those certain lots, piece or parcels of land situated, lying and being in the Town of Clifton Park, County of Saratoga, State of New York, and shown and designated as Lot Number 38, Lot Number 39, Lot Number 40, Lot Number 41 and Lot Number 42 on a map entitled "Riverview Landing, Town of Clifton Park, County of Saratoga" made by C.T. Male Associates, P.C. dated October 4, 1983 revised January 6, 1984 and filed in the Saratoga County Clerk's Office on August 15, 1984 in Drawer R of Maps as Map 80-B.

ALSO, all that certain tract, piece or parcel of land situated, lying and being in the Town of Clifton Park, Saratoga County, New York, Lying generally southwesterly of Lot No. 40 as shown in its entirety on a map entitled "Riverview Landing, Town of Clifton Park, County of Saratoga," made by C.T. Male Associates, P.C. dated October 4, 1983 revised January 6, 1984

and filed in the Saratoga County Clerk's Office on August 15, 1984 in Drawer R of Maps as Map 80-B and being more particularly bounded and described as follows:

BEGINNING at the most southerly corner of Lot No. 40 as shown on the above described map and runs thence from said point of beginning, through the lands of Riverview Landing Homeowners Association, Inc. the following three (3) courses: 1) South 48 degrees 00 minutes 30 seconds, West a distance of 120.00 feet to a point; 2) North 38 degrees 53 minutes 50 seconds West a distance of 301.51 feet to a point and 3) North 32 degrees 38 minutes 30 seconds East a distance of 120.00 feet to the most westerly corner of said Lot NO. 40; thence along the southwesterly line of said Lot No. 40, South 39 degrees 53 minutes 20 seconds East a distance of 328.90 feet to the point or place of beginning, containing 0.846 +/- acres of land.

The above parcels of land are also described as one parcel in the following manner:

All that certain tract, piece or parcel of land situate, lying and being in the Town of Clifton Park, Saratoga County, New York, lying generally westerly of Riverview Road and being shown in its entirety as Lot Number 38, Lot Number 39, Lot Number 40, Parcel Number 40A, Lot Number 41 and Lot Number 42 on a Map entitled "Riverview Landing Revised," Town of Clifton Park, County of Saratoga, prepared by C.T. Male Associates, P.C., being Drawing No. 83-198R-A and filed in the Saratoga County Clerk's Office February 21, 1989, in Drawer R as Map No. 162 and being more particularly bounded and described as follows:

Beginning at the point of intersection of the common line between Lot 42 on the North and the lands now or formerly of W.J. and M.L. Byrnes on the South with the southwesterly margin of Riverview Road and runs thence from said point of beginning along said common line in part, and along the common line of lands of said Byrnes on the South and Lot No. 41 as shown on the above described Map on the North in part, South 83 deg. 29 min. 30 sec. West, a distance of 468.04 feet to a point;

Thence along the common line between the lands of said Byrnes in part, and the lands now or formerly of A.R. and V.L. Bury in part, on the East and Lot 41 as shown on the above described Map on the West, South 07 deg. 51 min. 50 sec. East, a distance of 435.87 feet to a point;

Thence along the common line between Lot 41 on the northeast and the lands of Riverview Landing Homeowners Association, Inc., on the southwest, North 39 deg. 53 min. 20 sec. West, a distance of 800.00 feet to a point;

Thence along the common line between Lot 40A as shown on the above described Map on the northwest and the lands of said Riverview Landing Homeowners Association, Inc. on the southeast, South 40 deg. 00 min. 30 sec. West, a distance of 120.00 feet to a point;

Thence along the common line between Lot 40A on the northeast and the lands of said Riverview Landing Homeowners Association, Inc. on the southwest North 38 deg. 53 min. 50. Sec. West, a distance of 301.51 feet to a point;

Thence along the common line between Riverview Landing Homeowners Association, Inc. in part, and Lot 36 in part, on the northwest and Lot 40A in part and Lot 40 in part, on the southeast, North 32 deg. 38 min. 30 sec. East, a distance of 350.00 feet to a point;

Thence along the common line between Lot 37 on the northwest and Lot 38 on the southeast, North 42 deg. 31 min. 50 sec. East, a distance of 438.74 feet to a point on the aforementioned southwesterly margin of River Road;

(1) southeasterly along a curve to the right of radius 450.45 feet, an arc distance of 50.00 feet to a point of reverse curve, the chord for the above described curve being South 38 deg. 45 min. 10 sec. East, 49.97 feet;

(2) southeasterly along a curve to the left of radius of 5,008.25 feet, an arc distance of 372.57 feet to the point of tangency, the chord for the above described curve being South 37 deg. 42 min. 10 sec. East, 372.49 feet;

(3) South 39 deg. 50 min. 00 sec. East, a distance of 341.59 feet to a point of curvature; Thence southeasterly along a curve to the right of radius 608.75 feet, an arc distance of 167.45 feet to the point or place of beginning

The same premises conveyed to Power Angels, LLC a Limited Liability Company from Joseph F. Costello, by a deed dated October, 23, 2009, and recorded in the Saratoga County Clerk's Office on November 2, 2009, as Instrument # 2009038820.

3. If any of the property described above, as a result of any act or omission of the defendant:
    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

             A TRUE BILL.

Dated: July 25, 2012

    RICHARD S. HARTUNIAN
    UNITED STATES ATTORNEY

BY: */s/ Richard Belliss*
    RICHARD BELLISS
    ASSISTANT U.S. ATTORNEY
    BAR ROLL NO.: 515295